D. Michael Eakin
Eakin, Berry & Grygiel, PLLC
208 N. 29th St, Suite 204
P.O. Box 2218
Billings, Montana 59103
Phone: (406) 969-6001 Fax: (406) 969-6007
eakin.406law@gmail.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

| | | |
|---|---|---|
| TAMMY WILHITE, ) | | |
|     Plaintiff, ) | | Case No. |
| ) | | |
| vs. ) | | COMPLAINT |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
|     Defendant. ) | | |
| _____) | | |

## TYPE OF ACTION

1. This is an action brought pursuant to the Federal Torts Claim Act for wrongful discharge and intentional infliction of emotional distress against Plaintiff for her reports of sexual abuse of a nursing home patient.

## JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1346(b)(1), federal question jurisdiction.

PARTIES and VENUE

3. Plaintiff was a registered nurse and was employed at the Awe Kualawaache Care Center in Crow Agency, Montana at the time of the relevant events.

4. The United States of America, Department of Health and Human Services, contracts with the Crow Tribe to run the Awe Kualawaache Care Center.

5. Venue is proper in this division of the District of Montana since all events occurred in Big Horn County, Montana.

FACTS

6. Plaintiff, Tammy Wilhite, was employed as a registered nurse at Awe Kualawaache Care Center (Care Center). She earned $40.00 per hour and was provided fringe benefits that included health insurance, student loan repayment and an apartment.

7. A patient at the Care Center, J.T.E., reported to Wilhite he had been molested while being transported. The patient also disclosed the incident to other persons working in occupational therapy at the Care Center.

8. Wilhite reported the incident to her immediate superior, Carla Catolster, the Director of Nursing at the Care Center. Wilhite is a mandatory reporter and is required by law to report incidents of patient abuse. Wilhite is informed and

believes that the actions of the person transporting J.T.E. could be a federal felony offense under 18 U.S.C. § 2242.

9. Wilhite believes that other mandatory reporters also reported the incident to Catolster in her capacity as administrator of the Care Center. Catolster told other staff not to tell anyone of the incident. Catolster did so to prevent or delay the other staff from reporting a potential federal offense to a law enforcement officer.

10. An employee of the Care Center threatened J.T.E. with eviction from the Care Center if he made further reports of the incident. The threat of eviction from the Care Center was to prevent or delay reports of a potential federal offense to law enforcement officers.

11. When it appeared that no action was being taken on the report of molestation, Wilhite reported the incident to law enforcement, namely the Montana Department of Public Health and Human Services, the state agency responsible for investigating nursing home abuse for the Centers for Medicare and Medicaid Services. The Montana Department of Public Health and Human Services sent investigators to the Care Center in March 2018.

12. The Centers for Medicare and Medicaid Services made a report substantiating the allegations of patient abuse. That report, or the results of the investigation, were made available to Catolster on March 21, 2018.

13. J.T.E. died on March 21, 2018.

14. After being told of the results of the CMS investigation, Catolster informed the landlord at Wilhite's apartment that she was no longer employed by the Care Center. Catolster directed the landlord to lock the Plaintiff out of her apartment. The landlord did so.

15. The landlord allowed Wilhite access to the apartment to retrieve her personal belongings and her car. Catolster subsequently berated the landlord for allowing Plaintiff to retrieve her personal belongings.

16. Plaintiff was not informed that her employment was terminated on March 21, 2018. She continued to work at the Care Center.

17. Wilhite was summoned to a meeting of the Board of Directors of the Care Center on March 29, 2018. The Board members present at the meeting were Paul Littlelight, Henry Pretty on Top, Lana Three Irons, and Shannon Bradley. Prior to the meeting, the Directors conspired to terminate Plaintiff's employment when she appeared for the meeting.

18. At the meeting, Plaintiff's employment was terminated. The Board did not inform Wilhite that her continued employment was to be discussed. The Board did not follow its own written personnel policies for terminating an employee's employment.

19. The stated reason for the termination from employment was that Wilhite had a gun in her car. Neither the Directors of the Care Center nor other staff found a gun in her car.

20. Assuming arguendo that the Plaintiff had a gun in her car, the Care Center does not have a policy forbidding employees from having weapons in their cars.

21. The stated reason for discharge is pretextual. The true reason for the discharge was Plaintiff's report to law enforcement authorities concerning patient abuse.

22. Directors Littlelight, Pretty on Top, Three Irons, Bradley, and Administrator Catolster conspired to retaliate against the Plaintiff by terminating her employment because of her reports to law enforcement.

23. As a result of the actions of the Defendants, Wilhite has lost her employment, including her health benefits, student loan repayment and housing.

24. Plaintiff's ability to find other comparable employment has been compromised because of the termination of her employment at the Care Center.

25. The Plaintiff has suffered emotional distress from the actions of the Defendants, including, but not limited to, nightmares about her employment and about physical confrontations with some employees. Plaintiff has also feared for her safety after the actions of the directors and employees of the care center.

26.  Catolster and the directors maintain that they were acting in their official capacity when terminating Wilhite's employment and that the sole remedy against them is a Federal Tort Claim action.

## LIABILITY OF THE UNITED STATES

27.  The United States has subjected itself to tort claims for torts committed by persons acting in an official capacity under an Indian self-determination contract between a tribe and the Department of Health and Human Services.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

28.  Wilhite filed an administrative claim with the Department of Health and Human Services as required by 28 U.S.C. § 2675.

29.  Wilhite's administrative claim was denied on September 19, 2019.  The Department, without explanation, determined that Wilhite's administrative claim is not covered by the Federal Torts Claim Act.

## CAUSES OF ACTION

30.   The United States is liable to the same extent as a private party for torts committed by federal employees acting within the scope of their employment.  28 U.S.C. § 2674.

### County I – Wrongful Termination

31.  Montana recognizes tort of wrongful termination.  § 39-2-904, MCA.  A termination is wrongful if it is done in retaliation for reporting a violation of public

policy or if the termination violates the employer's express written personnel policies.

32. The termination of Wilhite's employment was wrongful.

33. As a result of the wrongful termination, Wilhite has suffered a loss of wages and other benefits.

34. The amount of damages for wrongful termination will be proven at trial.

### Count II - Intentional Infliction of Emotional Distress

35. Montana recognizes the intentional infliction of emotional distress as a separate tort.

36. Wilhite suffered severe emotional distress after being terminated for reporting patient abuse.

37. The directors and the director of nursing knew or should have known that Willhite would suffer emotional distress for being locked out of her apartment and being fired for reporting patient abuse.

42. Wilhite will prove at trial the amount of her damage for severe emotional distress.

/ / /

WHEREFORE, Plaintiff prays as follows:

1. For money damages in an amount to be determined at trial;

2. For Plaintiff's costs in this action;

3. For such other relief as the court deems just and equitable.

Dated this _____ day of October 2019.

                    Eakin, Berry & Grygiel, PLLC


                    /s/ D. Michael Eakin
                    D. MICHAEL EAKIN