IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TAMMY WILHITE, | CV 19-102-BLG-SPW |
| Plaintiff, | |
| vs. | ORDER ADOPTING MAGISTRATE'S FINDINGS AND RECOMMENDATIONS |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

The United States Magistrate Judge filed Findings and Recommendations on Defendant United States' Motion to Dismiss on August 3, 2020. (Doc. 19.) The Magistrate recommended that the Motion be Granted in part and Denied in part. (*Id.* at 1).

Pursuant to 28 U.S.C. § 636(b)(1), parties are required to file written objections within 14 days of the filing of the Magistrate's Findings and Recommendations. Federal Rule of Civil Procedure 6(d) extends that period by 3 days when a party is served by mail. No objections were filed. When neither party objects, this Court reviews the Magistrate's Findings and Recommendations for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite and

firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000).

After reviewing the Findings and Recommendations, this Court does not find that the Magistrate committed clear error. Plaintiff Wilhite's Complaint alleges the United States Department of Health and Human Services, through their contractual relationship with the Care Center in Crow Agency, wrongfully terminated her employment and intentionally caused her to suffer emotional distress. (Doc. 1 at 6-7).

Taken as true, the Complaint's wrongful termination claim falls within the purview of the Federal Torts Claims Act, 28 U.S.C. § 2679 ("FTCA") which waives the United States' sovereign immunity.  The United States argues that the FTCA cannot apply to Wilhite's wrongful termination claim because it is a statutory tort claim in Montana. (Doc. 19 at 6). However, the FTCA does not limit itself to common law torts. *Waters v. United States*, 812 F.Supp. 166, 169 (N.D. Cal. 1993). Under the FTCA, the United States is liable for the wrongful acts of federal employees in the same manner as a private person would be liable for those acts. 28 U.S.C. § 2674. Montana's Wrongful Discharge Employment Act, §§ 39-2-904; 39-2-905, MCA, ("WDEA") provides the exclusive remedy for wrongful conduct in terminating employees. Therefore, because a private individual could not escape liability in Montana under the WDEA for their wrongful acts, the Magistrate Judge

did not commit clear error in determining that the United States could not escape liability under the FTCA. (Doc. 19 at 7).

Further, the FTCA's discretionary function exception, 28 U.S.C. § 2680(a), does not apply to Wilhite's claim because the exception does not apply to allegations of federal offenses. It is a federal offense to retaliate against an employee for providing truthful information to a law enforcement officer relating to the possible commission of a federal crime. 18 U.S.C. § 1513(e).

Judge Cavan also determined that Wilhite's intentional infliction of emotional distress claim presents a cognizable claim but only to an extent. The WDEA provides the exclusive remedy for claims relating to the wrongful discharge of an employee in Montana. Therefore, to the extent Wilhite's intentional infliction of emotional distress claim relates to Wilhite's termination, it is precluded. However, to the extent Wilhite's claim relates to events occurring before her termination on March 29, 2018, the claim is not precluded by the WDEA. *Beasley v. Semitool, Inc.*, 853 P.2d 84, 86-87 (Mont. 1993).

**IT IS HEREBY ORDERED** that the proposed Findings and Recommendations entered by the United States Magistrate Judge (Doc. 19) are **ADOPTED IN FULL**.

3

**IT IS FURTHER ORDERED** the United States' Motion to Dismiss is **GRANTED** as to Wilhite's claim of intentional infliction of emotional distress based on her termination from employment but **DENIED** in all other respects.

DATED this 31st day of August, 2020.

SUSAN P. WATTERS
United States District Judge

4