VICTORIA L. FRANCIS
TYSON M. LIES
Assistant U.S. Attorneys
U.S. Attorney's Office
2601 2nd Ave. N., Suite 3200
Billings, MT 59101
Phone: (406) 247-4633 – Victoria
Phone: (406) 247-4632 - Tyson
Email: victoria.francis@usdoj.gov
        tyson.lies@usdoj.gov

JOHN M. NEWMAN
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone: (406) 829-3336
Fax: (406) 542-1476
Email: john.newman@usdoj.gov

ATTORNEYS FOR DEFENDANT
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TAMMY WILHITE,<br><br>        Plaintiff,<br><br>vs.<br><br>PAUL LITTLELIGHT, LANA THREE IRONS, HENRY PRETTY ON TOP, SHANNON BRADLEY, and CARLA CATOLSTER,<br><br>        Defendants. | CV 19-20-BLG-TJC<br><br>Consolidated with:<br>CV 19-102-BLG-SPW-TJC<br><br><br>UNITED STATES' RESPONSE TO PETITION FOR FTCA CERTIFICATION |
| TAMMY WILHITE,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendant. | |

# INTRODUCTION

Defendant United States of America hereby responds to the petition for Federal Tort Claims Act (FTCA) certification filed by Defendants Paul Littlelight, Lana Three Irons, Henry Pretty On Top, Shannon Bradley, and Carla Catolster ("Individual Defendants"). (Doc. 35.) The United States does not dispute that Individual Defendants acted within the course and scope of their employment with respect to the allegations in Plaintiff's Complaint. Rather, the United States disputes whether it is authorized to certify as much under 28 U.S.C. § 2679, and whether it can be substituted for Individual Defendants given the circumstances. The statute itself and case law interpreting it indicate the answer is no.

# ARGUMENT

**A.     The certification and substitution provisions of the FTCA do not apply in the context of a federal statutory claim against a government employee.**

Individual Defendants accurately point to the provisions of § 2679 applicable when a plaintiff asserts a claim against a government employee cognizable under the FTCA. Section 2679(b)(1) provides that the FTCA is the exclusive remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." Section

2679(c) provides for the employee's defense in such a suit, and § 2679(d) provides that the United States shall be substituted as the defendant whenever the Attorney General certifies that the alleged conduct occurred within the course and scope of the named individual's employment.

However, Individual Defendants ignore a key provision in the same statute. The general rule under the FTCA that federal officers are not liable for conduct arising within the scope of their employment "does not extend or apply to a civil action against an employee . . . which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." 28 U.S.C. § 2679(b)(2)(B); *see Timberline N.W., Inc. v. Hill*, 141 F.3d 1179, at *1 (9th Cir. 1998) (unpublished); *Harbury v. Hayden*, 444 F. Supp. 2d 19, 21 (D.D.C. 2006), *aff'd*, 522 F.3d 413 (D.C. Cir. 2008) ("Importantly, even if a federal employee is determined to have acted within the scope of his or her employment, he or she is not immune from a money-damages suit if one of the two exceptions to the Westfall Act applies. Congress preserved a federal employee's individual liability for 'a violation of the Constitution of the United States,' or 'a violation of a statute of the United States under which such action against an individual is otherwise authorized.'"); *Tanzin v. Tanvir*, 141 S. Ct. 486, 491 (2020) ("Though more limited, damages against federal officials remain an appropriate

form of relief today. In 1988 the Westfall Act foreclosed common-law claims for damages against federal officials, 28 U.S.C. § 2679, but it left open claims for constitutional violations and certain statutory violations. §§ 2679(b)(2)(A)–(B). Indeed, the Act expressly contemplates that a statute could authorize an action for damages against Government employees. § 2679(b)(2)(B)."); *Ali Jaber v. United States*, 155 F. Supp. 3d 70 (D.D.C. 2016), *aff'd sub nom. Jaber v. United States*, 861 F.3d 241 (D.C. Cir. 2017) (explaining that the United States was properly substituted with respect to the plaintiffs' tort claims, but that other counts at issue "assert statutory claims and thus are exempt from the Westfall Act, *see* 28 U.S.C. § 2679(b)(2)(B), so the named defendants remain parties to those counts"); *Saleh v. Bush*, 848 F.3d 880, 889 (9th Cir. 2017) ("The [Westfall] Act . . . does not provide immunity from a suit 'brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized.' 28 U.S.C. § 2679(b)(2)(B)."); *see also Coverage Issues Under the Indian Self-Determ. Act*, 22 U.S. Op. Off. Legal Counsel 65, at * 7 n.14 (1998) (§ 2679(b)(2) removes constitutional and federal statutory claims "from the class of claims for which the remedy against the United States is exclusive," and "the Indian Self-Determination and Education Assistance Act does not cover actions involving claims other than tort claims that are actionable under the [FTCA]"). In other words, the FTCA is

<u>not</u> the exclusive civil remedy—and the United States can neither certify course and scope of employment nor be substituted as the defendant—when a plaintiff alleges a claim against a government employee pursuant to a federal statute which provides a right of action.   Such is the case here.

Of particular salience to the present circumstances, in *Timberline*, the Ninth Circuit found that Judge Lovell erred in: (1) determining "that [the plaintiff's] claims were in fact common law torts 'disguised' as RICO, *Bivens*, and statutory claims [which] would more properly be brought under the FTCA against the United States," and (2) substituting the United States for the individual employee defendants based on that determination.   141 F.3d 1179, at **1–2.   Citing *United States v. Smith*, 499 U.S. 160, 181 (1991), the panel concluded that "[a]lthough 'Congress provided no specific explanation for [§ 2679(b)(2)(B)], other than its general concern with preserving all pre-existing remedies available to victims of torts committed by federal employees,' it is clear that § 2679(b)(2)(B) must have been added to ensure that all pre-existing statutory remedies, <u>including those provided by RICO</u>, would remain intact following the adoption of the [Federal Employee Liability Reform and Tort Compensation Act]."   *Id*. (emphasis added).   Pursuant to *Timberline*, as a federal statutory civil remedy, neither the United States nor the Court may construe Plaintiff's civil RICO claim as a state law tort

for purposes of § 2679, nor substitute the United States as the defendant vis-à-vis the civil RICO claim.

Thus, contrary to their assertion, this is not a case where the United States "contends is should not have to defend" Individual Defendants and refuses to provide certification under 28 U.S.C. § 2679 for that reason.  Rather, the United States is <u>not authorized</u> to do so.  Likewise, the United States is not at liberty to construe Plaintiff's civil RICO claim as a state tort cause of action, no matter the similarity between the facts underlying it and the negligence claim leveled against the United States.  Unless and until Plaintiff asserts against Individual Defendants a cause of action certifiable under the FTCA, the United States cannot step into Individual Defendants' shoes in this matter.

**B.      Neither the Court nor the United States is permitted to certify course and scope of employment for Individual Defendants, yet choose not to substitute the United States in this action.**

Individual Defendants urge the Court to certify that they acted within the course and scope of their employment with regard to the allegations in the Complaint, yet also contend that "upon certification, [the United States] need not be substituted."  (Doc. 36 at 18.)  This assertion runs contrary to the law—substitution is mandatory upon certification of course and scope, not optional.  28 U.S.C. § 2679(d)(1) ("shall be deemed an action against the United States . . . and

6

the United States shall be substituted as the party defendant"); *see Osborn v. Haley*, 549 U.S. 225, 241 (2007) ("If [an] action is commenced in a federal court, and the Attorney General certifies that the employee 'was acting within the scope of his office or employment at the [relevant] time,' the United States must be substituted as the defendant."). A plaintiff can challenge the Attorney General's decision with respect to certification, but § 2679 does not include an option to certify yet reserve substitution. Rather, one necessarily leads to the other. The Court should reject Individual Defendants' suggestion otherwise.

**C.     None of the "substance-of-the-claim" cases cited by Individual Defendants involved a court recasting a federal statutory cause of action as one sounding in state tort law.**

Individual Defendants cite a raft of cases they claim support their request that the Court reimage Plaintiff's civil RICO claim as a Montana tort. (Doc. 36 at 29–30). However, none of the cited cases present circumstances analogous to this matter—i.e., where the plaintiff has pled a federal statutory cause of action, thereby triggering the FTCA exclusivity exception at § 2679(b)(2)(B). *See Garling v. U.S. Envtl. Protec. Agency*, 849 F.3d 1289, 1298 (10th Cir. 2017) (in the context of 28 U.S.C. § 2680(h), "[t]he [plaintiffs'] complaint attempts to bring intentional tort claims without alleging intentional tort facts"); *DeJohn v. U.S. Dep't of Agric.*, No. 1:17–cv–01289–DAD–JLT, at *5 n.2 (E.D. Cal. Nov. 30,

7

2017) (observing, in a footnote, that a court may consider a state tort claim against the government as a case arising under the FTCA, though not initially pled as such); *Dorking Genetics v. United States*, 76 F.3d 1261 (2d Cir. 1996) (disagreeing with the district court's characterization of the plaintiff's claims as falling within the FTCA's misrepresentation exception, § 2680(h)); *Lambertson v. United States*, 528 F.2d 441, 443 (2d Cir. 1976) (considering application of § 2680(h)); *Johnson v. United States*, 547 F.2d 688, 691–92 (D.C. Cir. 1976) (same); *AmeriCare MedServices, Inc. v. City of Anaheim*, 2017 WL 5592892, at *2 (C.D. Cal. Apr. 21, 2017), *aff'd*, 735 Fed. Appx. 473 (9th Cir. 2018) (unpublished) (holding that a plaintiff cannot, through artful pleading, join "regulated private parties" in order to circumvent the immunity provided by *Parker v. Brown*, 317 U.S. 341, 350–51 (1943), to state and local governments for claims arising under the Sherman Act, 15 U.S.C. §§ 1–7); *OBB Personenverkehr AG v. Sachs*, 577 U.S. 27 (2015) (considering application of the Foreign Sovereign Immunities Act, 28 U.S.C. § 1602 et seq.).   None of these cases license the Court or the United States to apply a gravamen-of-the-complaint type analysis to Plaintiff's federal statutory claim, particularly in light of the *Timberline* court's express conclusion that a civil RICO claim lies outside the exclusive realm of the FTCA.   141 F.3d 1179, at **1–2

The bottom line is that Plaintiff pled a federal statutory cause of action against Individual Defendants, triggering the exception to FTCA exclusivity at § 2679(b)(2)(B).  While Individual Defendants may believe the civil RICO claim is merely an artfully pled tort, their recourse is a direct attack[1] on the validity of the claim—not a petition for FTCA certification reliant on the Court's recharacterization of the claim.

## CONCLUSION

Based on the foregoing, the United States does not dispute that Individual Defendants acted within the course and scope of their employment regarding the allegations in Plaintiff's Complaint.   However, due to the nature of the specific claim against them, governing law does not permit the United States or the Court to certify course and scope or to substitute the United States as the defendant under 28 U.S.C. § 2679.   The Court should—indeed, must—deny Individual Defendants' petition for FTCA certification consequently.

---

[1] Specifically, Plaintiff's Complaint fails to state a claim upon which relief can be granted because it does not sufficiently allege a civil RICO claim against Individual Defendants.   In addition to other infirmities, the Complaint fails to describe a "pattern" of RICO activity because, at most, it cites a single event of retaliation.

DATED this 26th day of January, 2021.

                                  LEIF M. JOHNSON
                                  Acting United States Attorney

                                /s/ John M. Newman
                                Assistant U.S. Attorney
                                Attorney for United States

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), the attached brief is proportionately spaced, has a typeface of 14 points, and contains 1,850 words, excluding the caption and certificates of compliance and service.

DATED this 26th day of January, 2021.

/s/ John M. Newman<br>
Assistant U.S. Attorney<br>
Attorney for United States

# CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of January, 2021, a copy of the foregoing document was served on the following person by the following means.

| | |
|---|---|
| __1–3__ | CM/ECF |
| _____ | Hand Delivery |
| _____ | U.S. Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1.  Clerk of Court

2.  D. Michael Eakin
EAKIN, BERRY & GRYGIEL, PLLC
P.O. Box 2218
2815 Montana Ave.
Billings, MT 59103-2218
(406) 969-6001 – phone
(406) 969-6007 – fax
Eakin.406law@gmail.com
*Attorneys for Plaintiff*

3.  Evan M. T. Thompson
Michael L. Rausch
BROWNING, KALECZYC, BERRY & HOVEN P.C.
800 N. Last Chance Gulch, Suite 101
Helena, MT 59601
(406) 443-6820 – phone
(406) 443-6882 – fax
evan@bkbh.com
mike@bkbh.com
*Attorneys for Individual Defendants*

/s/ John M. Newman
Assistant U.S. Attorney
Attorney for United States