D. Michael Eakin
Eakin & Berry, PLLC
208 N. 29th St., Suite 204
P.O. Box 2218
Billings, Montana 59103
Phone: (406) 969-6001 Fax:
(406) 969-6007
eakin.406law@gmail.com

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | | |
|---|---|---|
| TAMMY WILHITE, | ) | |
|     Plaintiff, | ) | CV19-20-BLG-TJC |
| | ) | |
| vs. | ) | Consolidated with: |
| | ) | CV 19-102-BLG-SPW-TJC |
| PAUL LITTLELIGHT, | ) | |
| LANA THREE IRONS, | ) | |
| HENRY PRETTY ON TOP, | ) | |
| SHANNON BRADLEY, and | ) | |
| CARLA CATOLSTER, | ) | |
|     Defendants. | ) | |
| _____ | ) | PLAINTIFF'S RESPONSE BRIEF |
| | ) | TO DEFENDANTS' FTCA |
| TAMMY WILHITE, | ) | CERTIFICATION REQUEST |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Defendant. | ) | |
| _____ | ) | |

1

The individual Defendants have petitioned this Court to certify that they were acting within the scope of their employment when they terminated Plaintiff's employment and took other adverse actions against plaintiff. That petition should be denied.

## I. The Arguments of Individual Defendants Have Already Been Addressed.

The United States has already filed a response to the petition setting forth reasons the petition should be denied. (Dkt-45) Rather than repeat all those arguments, Plaintiff incorporates those arguments. Defendants previously argued that the FTCA offered the exclusive remedy. (Dkt-5) Plaintiff responded to that argument by noting that briefed arguments that the FTCA does not cover intentional torts committed by federal (or tribal 638) employees. (Dkt-10) In that brief Plaintiff quoted from the *Pesnell* decision, "An employee engaged in a pattern of racketeering activity, as required by the RICO counts, could not be doing so within the scope of his employment by the federal or state governments." *Pesnell v. Arsenault*, 543 F.3d 1038, 1042 (9th Cir. 2008), *abrogated by Simmons v. Himmelreich*, 578 U.S. \_\_\_\_, 136 S. Ct. 1843 (2016). The abrogation allowed an even greater breadth of claims against federal employees in their individual capacity. Plaintiff incorporates the arguments made in her earlier briefing.

/ / /

## II.  A DOJ Opinion Indicates Certification is Not Appropriate.

In addition to the arguments previously made in this action, this Court should note that the Department of Justice has determined that representation by the United States is not available for tribal employees for constitutional torts or other torts outside the parameters of the waiver in the FTCA.  The office of Legal Counsel in DOJ was requested to decide if tribal employees could seek representation by the United States for constitutional torts or other torts outside the scope of the FTCA waiver.  The Office of Legal Counsel determined:

> For the reasons explained below, we conclude that the 1990 amendment to the Act covers only those torts for which the Federal Tort Claims Act waives the sovereign immunity of the United States. We further conclude that the 1990 amendment does not authorize or otherwise address representation of tribes or tribal employees who are sued in their individual capacities for constitutional torts.

Coverage Issues Under the Indian Self Determination Act, 22 *Opinions of Office of Legal Counsel* 65 (Attached.)

Since Wilhite has alleged RICO violations, torts outside the scope of the FTCA, there is no requirement for the United States to provide representation or coverage under the FTCA.

## II.  An Evidentiary Hearing is Required Before Certification.

Determination of whether a person was acting within the scope of employment can be a question of fact.  A federal (or tribal 638 employee) cannot escape liability for an intentional tort by merely alleging actions were within the

3

scope of employment. If the facts can be interpreted two ways, it is necessary to hold an evidentiary hearing to make that determination. If that determination is the ultimate decision on liability, then the question should be decided by the jury. It should only be decided by the Court if there is no question of fact as to whether the intent of the Defendant was to carry out an official duty or to retaliate for reports of patient abuse.

The timing of the termination immediately after learning of the report of patient abuse and acting outside the scope of personnel policies concerning termination indicate that the aim of the individual Defendants was to fulfill their job responsibilities but was rather to retaliate for Plaintiff reporting a crime to investigating authorities. At a minimum, an evidentiary hearing would be needed to determine the intent of the Defendants.

## CONCLUSION

For the reasons set forth above, this Court should deny the petition of the Defendants for certification under the Federal Torts Claim Act and Westfall Act.

Dated this 27th day of January, 2021

EAKIN & BERRY, PLLC


 /s/ D. Michael Eakin

## CERTIFICATE OF COMPLIANCE\

Pursuant to Local Rule 7.1(d)(2)(E) the attached brief is proportionately spaced, has a typeface of 14 points and contains 638 words, excluding captions and certificates of compliance and service.

Dated this 27th day of January, 2021

/s/ D. Michael Eakin

# CERTIFICATE OF SERVICE

I certify that on the 27th day of January 2021, the foregoing document was served by:

| 1, 2, 3,4 | CM/ECF |
| --- | --- |
|   | U.S. Mail |
|   | Email |

Upon:

1. Clerk of Court

2. Michael L. Rausch
   Evan M.T. Thompson
   Browning, Kaleczyc, Berry & Hoven, P.C.
   Liberty Center, Suite 302
   9 Third Street North
   Great Falls, MT 59401

3. Victoria Francis
   Tyson Lies
   Assistant United States Attorneys
   2601 2nd Ave. North, Suite 3200
   Billings, MT 59101

4. John Newman
   Assistant United States Attorney
   P.O. Box 8329
   Missoula, MT 59802

/s/ D. Michael Eakin
D. MICHAEL EAKIN
Eakin Berry & Grygiel, PLLC.
Attorneys for Plaintiff