IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| TAMMY WILHITE,<br><br>        Plaintiff,<br><br>vs.<br><br>PAUL LITTLELIGHT, LANA THREE IRONS, HENRY PRETTY ON TOP, SHANNON BRADLEY, and CARLA CATOLSTER,<br><br>        Defendants.<br>_____<br><br>TAMMY WILHITE,<br><br>        Plaintiff,<br><br>vs.<br><br>UNITED STATES,<br><br>        Defendant. | CV 19-20-BLG-SPW-TJC<br>Consolidated with:<br>    CV-19-102-BLG-SPW-TJC<br><br>**FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

      Plaintiff Tammy Wilhite ("Wilhite") brings this action against Defendants Paul Littlelight, Lana Three Irons, Henry Pretty on Top, Shannon Bradley and Carla Catolster ("Defendants"), alleging a civil RICO claim following her termination from the Awe Kualawaache Care Center ("Care Center") where she worked as a registered nurse. (Doc. 1.)

1

Presently before the Court are Defendants' Motion to Stay Proceedings Pending Resolution of Petition for FTCA Certification (Doc. 33), and Defendants' Petition for FTCA Certification Pursuant to the Westfall Act (Doc. 35). The motions are fully briefed and ripe for the Court's review.

Having considered the parties' submissions, the Court finds both Defendants' Motion to Stay and Defendants' Petition for FTCA Certification Pursuant to the Westfall Act should **DENIED**.

I.     **BACKGROUND**[1]

Wilhite was employed as a registered nurse at the Care Center in Crow Agency, Montana. The Care Center is an entity owned by the Crow Tribe of Indians. It is a long-term nursing facility that provides 24-hour medical services exclusively to members of the Crow and Northern Cheyenne Tribes. The Care Center operates under what is known as a 638 contract, which is a contract between the Tribe and the federal government that provides for tribal administration of programs previously operated by the Bureau of Indian Affairs.

/ / /

---

[1] For the purposes of this motion, the Court accepts as true the allegations contained in Wilhite's Complaint. *Wyler Summit P'ship v. Turner Broadcasting Sys, Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). The Court also takes judicial notice of court documents from this Court in *Wilhite v. Awe Kualawaache Care Ctr, et al.*, Case No. 18-cv-80-SPW (D. Mont. May 9, 2018).

While working at the Care Center, a patient told Wilhite that he had been molested while being transported. Wilhite reported the incident to Defendant Catolster, who was her immediate supervisor. The person who allegedly molested the patient was related to Catolster.

When it appeared that no action was being taken, Wilhite reported the incident to law enforcement. The Montana Department of Public Health and Human Services conducted an investigation in March 2018, and the Centers for Medicare and Medicaid Services made a report substantiating the allegations of patient abuse. The report was made available to Catolster on March 21, 2018.

As a benefit of her employment, Wilhite was provided housing in an apartment. After being told of the results of the investigation, however, Catolster informed Wilhite's landlord that she was no longer employed by the Care Center and directed the landlord to lock Wilhite out of her apartment. The landlord did as directed, but allowed Wilhite to retrieve her personal belongings and her car. At the time, Wilhite was not informed that her employment had been terminated.

Wilhite continued to work at the Care Center until she was summoned to a board meeting on March 29, 2018. She was told the reason for the meeting was to hear her grievance about being locked out of her apartment. The board members present at the meeting were Defendants Littlelight, Pretty on Top, Three Irons, and

Bradley. Wilhite alleges the Defendants conspired to terminate her employment when she appeared for the meeting.

Wilhite was, in fact, terminated at the meeting. The stated reason was that she had a gun in her car. Wilhite alleges Defendants did not find a gun in her car; but even if she had a gun in her car, there was no policy forbidding employees from having weapons in their vehicles. Wilhite asserts the real reason she was terminated was because she reported patient abuse to law enforcement.

On May 9, 2018, Wilhite brought suit in this district, alleging she was entitled to damages under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq. ("RICO"). *Wilhite v. Awe Kualawaache Care Ctr, et al.*, Case No. 18-cv-80-SPW (D. Mont. May 9, 2018) ("*Wilhite I*"). Wilhite named the Care Center and its board members, Littlelight, Three Irons, Pretty On Top, Bradley, and administrator, Catolster as defendants. (*Id.*) Judge Watters dismissed the case, finding Wilhite's claim was barred by tribal sovereign immunity. *Wilhite I*, Docket No. 39 (D. Mont. Oct. 22, 2018); Docket No. 45 (D. Mont. Dec. 20, 2018). Judge Watters found Wilhite could not recover from the Care Center for the official acts of its board of directors. (*Wilhite I*, Docket No. 45 at 3.) She indicated, however, that "Wilhite is free to properly file a new claim against the board of directors personally and/or potential claims against the United States under the Federal Tort Claims Act." (*Id.* at 5.)

Thereafter, on February 22, 2019, Wilhite filed this lawsuit, re-alleging her civil RICO claim against only the board of directors in their individual capacities.[2] (Doc. 1).  Defendants initially moved to dismiss this action under Federal Rule of Civil Procedure 12(b)(6), arguing Wilhite's claim was barred by the exclusive remedy provisions of the Federal Tort Claims Act, 28 U.S.C. § 2679 ("FTCA"). The Court denied Defendants' motion, finding they improperly attempted to invoke the FTCA exclusivity without first seeking certification from the Attorney General that they were acting within the scope of their employment, as required by the Westfall Act.  28 U.S.C. § 2679(d)(1)  (Doc. 20.)

On December 31, 2020, the United States denied Defendants' request for certification.  (Doc. 36-7.)  Defendants now petition the Court to certify that they were acting within the course and scope of their employment, and to substitute the United States as the sole defendant for all of Plaintiff's claims.  (Doc. 35.)  They also request the Court stay the action pending resolution of their petition for certification.  (Doc. 33.)

/ / /

/ / /

---

[2] On October 7, 2019, Wilhite filed a separate action against the United States, alleging a claim under the FTCA for wrongful discharge and intentional infliction of emotional distress.  *Wilhite v. United States*, Case No. 19-cv-102-SPW-TJC (D. Mont. Oct. 7, 2019).  On November 9, 2020, the Court consolidated the two cases. (Doc. 34.)

5

## II. DISCUSSION

Defendants argue Wilhite's claim relates to actions they took within the course and scope of their employment under the 638 contract, and they are thus deemed to be federal employees for purposes of the FTCA and entitled to immunity under the FTCA and Westfall Act. The United States concedes that Defendants were acting within the course and scope of their employment, but argue certification is not authorized under the federal statutory claim exception to immunity under the Westfall Act.

### A. Legal Standards

The United States has waived its sovereign immunity under the FTCA for injuries or loss "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment . . . ." 28 U.S.C. §§ 1346(b), 2672. The Westfall Act, 28 U.S.C. § 2679, amended the FTCA, and provides that "[t]he remedy against the United States provided by sections 1346(b) and 2672 of this title . . . is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim . . . ." 28 U.S.C. 2679(b)(1). In short, "[t]he FTCA immunizes federal employees from individual liability for an 'action [that] is properly against the United States under the FTCA.'" *Beebe v. United States*, 721 F.3d 1079, 1084 (9th Cir. 2013) (quoting

*Meridian Int'l Logistics, Inc. v. United States*, 929 F.2d 740, 743 n. 1 (9th Cir. 1991)).

In general, tribal employees providing services under a 638 contract are deemed to be employees of the government while acting within the scope of their employment in carrying out the contract. 25 U.S.C. § 5321(d). Further, any civil action brought against a tribal employee covered by this provision is "deemed to be an action against the United States and will be defended by the Attorney General and be afforded the full protection and coverage of the Federal Tort Claims Act." 25 U.S.C. 5321 note.

Under the Westfall Act, upon certification by the Attorney General that a federal employee was acting within the course and scope of their employment at the time of the event giving rise to a civil claim, the United States is substituted as a party and the employee dismissed from the action. 28 U.S.C. § 2679(d)(1). "The case then falls under the governance of the [FTCA]." *Gutierrez de Martinez v. Lamango*, 515 U.S. 417, 420 (1995).

There are two exceptions to the immunity provided under the Westfall Act. By its express terms, the Act does not provide immunity from a civil action: (1) "which is brought for a violation of the Constitution of the United States," or (2) "which is brought for a violation of a statute of the United States under which such action against an individual is otherwise authorized." 28 U.S.C. § 2679(b)(2);

7

*Saleh v. Bush*, 848 F.3d 880, 888-89 (9th Cir. 2017). "Importantly, even if a federal employee is determined to have acted within the scope of his or her employment, he or she is not immune from a money-damages suit if one of the two exceptions to the Westfall Act applies." *Harbury v. Hayden*, 444 F.Supp.2d 19, 37 (D. D.C. 2006). *See also Ali Jaber v. United States*, 155 F.Supp.3d 70, 73 n.1 (D. D.C. 2016) (noting that although the Attorney General certified that the named defendants were acting within the scope of their employment and the United States had been substituted for them on four of the claims in the complaint, "[c]ounts 1-2 assert statutory claims and thus are exempt from the Westfall Act, *see* 28 U.S.C. § 2679(b)(2)(B), so the named defendants remain parties to those counts.").

In the event the Attorney General denies certification, the employee may petition the court for certification. 28 U.S.C. § 2679(d)(3); *Green v. Hall*, 8 F.3d 695, 698 (9th Cir. 1993). "The Attorney General's decision regarding scope of employment certification is subject to *de novo* review in both the district court and on appeal." *Green*, 8 F.3d at 698. The party seeking certification has the burden of disproving the Attorney General's decision to grant or deny certification by a preponderance of the evidence. *Id.*

### B. The Westfall Act Does Not Authorize Certification of Wilhite's RICO Claim

Here, Wilhite has brought a federal civil RICO claim against Defendants. As a federal statutory cause of action, the RICO claim is expressly excepted from

Westfall Act immunity. 28 U.S.C. § 2679(b)(2)(B). *See e.g. Omnipol, A.S. v. Worrell*, 421 F.Supp.3d 1321, 1335-36 (M.D. Fla. 2019) (noting that the United States had not been substituted for the defendants under the Westfall Act with regard to the plaintiffs' claims for violations of the federal RICO statutes, although it had been substituted on other claims against them). The Court, therefore, is not permitted to grant Defendants certification or substitute the United States on the RICO claim.

Defendants argue, however, that the Court should apply a "substance of the allegations" analysis to resolve whether they are entitled to immunity under the Westfall Act. Defendants contend that, in substance, Wilhite's claim is actually a claim for wrongful termination, but she has artfully pled it as a RICO claim to circumvent Westfall Act immunity. Defendants cite several cases in support of their position that the Court may look to the gravamen of the Complaint to determine whether they are entitled to immunity. The authorities cited by Defendants, however, do not address the situation the Court is confronted with here – *i.e.*, where the plaintiff has pled a federal statutory cause of action, thereby triggering the exception to immunity under the Westfall Act. Rather, the cases relied on by Defendants pertain to statutory exceptions to the United States' waiver of sovereign immunity under the FTCA. *See e.g. Garling v. United States Envtl. Prot. Agency*, 849 F.3d 1289 (10th Cir. 2017) (considering application of law

9

enforcement proviso in 28 U.S.C. § 2680(h)); *Dorking Genetics v. United States*, 76 F.3d 1261 (2d. Cir. 1996) (considering application of §2680(h)); *Lambertson v. United States*, 528 F.2d 441 (2d. Cir. 1976) (same); *Johnson v. United States*, 547 F.2d 688 (D.C. Cir. 1976) (same). These cases align with the general principle that "a waiver of the Government's sovereign immunity will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

But Defendants have not cited, and the Court has not found, any authority for the proposition that the Court may recast a federal statutory cause of action as one sounding in tort in order to extend Westfall Act immunity for the claim. The Westfall Act expressly and unambiguously excludes immunity for civil actions brought for (1) violation of the Constitution or (2) violation of a federal statute which otherwise provides for such an action against an individual. 28 § 2679(b)(2). There is nothing in the statute which would authorize a court to avoid the plain language of the Act, grant a government employee immunity, and require that the United States be substituted and defend an action.[3] Rather than strictly

---

[3] The United States also relies on *Timberline NW, Inc. v. Hill*, 141 F.3d 1179, *1-2 (9th Cir. 1998) (unpublished), where the Ninth Circuit determined that the district court had improperly extended Westfall Act certification to federal employee defendants for a plaintiff's RICO and Bivens claims. *Timberline*, 141 F.3d at *1. As Defendants advocate here, the district court found the plaintiff's claims "were in fact common law torts 'disguised' as RICO, Bivens, and statutory claims and, as such, would more properly be brought under the FTCA against the United States."

10

construing the scope of FTCA's waiver of sovereign immunity, such a construction would serve to broaden the United States' liability.

Defendants alternatively suggest that the Court should grant certification because Wilhite's RICO claim fails as a matter of law.  Defendants argue the Complaint fails to state a claim upon which relief can be granted because it does not sufficiently allege a civil RICO claim.  Defendants point out that the Complaint fails to allege a "pattern of racketeering."  Notwithstanding the potential merit of Defendants' argument as to the sufficiency of the claim,[4] nothing in the Westfall Act indicates that a complaint must sufficiently plead a federal statutory violation to trigger the exception to immunity under §2679(b)(2)(B).  Rather, the exception plainly applies "*to a civil action . . . which is brought* for a violation of a statue of the United States . . . ." *Id.*  It says nothing about the viability of such a claim.  *See e.g. Schneider v. Kissinger*, 310 F. Supp. 2d 251, 265 (D.D.C. 2004) ("Defining an

---

Id.  The Ninth Circuit determined this was error, and explained "it is clear that § 2679(b)(2)(B) must have been added to ensure that all pre-existing statutory remedies, including those provided by RICO, would remain intact following the adoption of the [Westfall Act.]" *Id*. at *2.  The Ninth Circuit, therefore, held the district court should not have extended certification on the plaintiff's RICO claim. *Id*.  Nevertheless, *Timberline* was a pre-2007 unpublished opinion, which cannot be cited as authority to courts in this circuit.  Ninth Circuit Rule 36-3.

[4] To the extent Defendants suggest the Court should *sua sponte* dismiss Plaintiff's RICO claim, the Court declines to do so.  If Defendants wish to contest the sufficiency of the RICO allegations, they may file an appropriate motion, giving Plaintiff the opportunity to respond.

employee's scope of employment is not a judgment about whether alleged conduct is deleterious or actionable; rather, this procedure merely determines who may be held liable for that conduct, an employee or his boss.").

The Court finds the Westfall Act's exception to immunity under §2679(b)(2)(B) applies here.  Defendants' petition for FTCA certification, therefore, should be denied.  In light of the Court's determination that certification is improper, Defendants' motion to stay should be denied as moot.

### III.  CONCLUSION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1. Defendants' Petition for FTCA Certification Pursuant to the Westfall Act (Doc. 35) be **DENIED**; and

2. Defendants' Motion to Stay Proceedings Pending Resolution of Petition for FTCA Certification (Doc. 33) be **DENIED as moot**.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

**NOW, THEREFORE, IT IS ORDERED** that the Clerk shall serve a copy of the Findings and Recommendations of United States Magistrate Judge upon the parties. The parties are advised that pursuant to 28 U.S.C. § 636, any objections to the findings and recommendations must be filed with the Clerk of Court and copies served on opposing counsel within fourteen (14) days after service hereof, or objection is waived.

**IT IS ORDERED.**

DATED this 29th day of June, 2021.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge